UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION


CHARLES RAMIREZ,

        Plaintiff,

                                          Case Number 10-13408-BC
v.                                          Honorable Thomas L. Ludington

CITY OF SAGINAW,

        Defendant.

_____/


## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS, GRANTING PLAINTIFF'S MOTION TO AMEND HIS COMPLAINT, AND CANCELING HEARING

On August 16, 2008, Plaintiff Charles Ramirez, then a police officer employed by Defendant City of Saginaw, crashed his vehicle into a home in Saginaw Township. Ramirez, who was not on duty at the time, was intoxicated. He was convicted of a criminal offense related to the incident—his second alcohol related conviction in less than ten years. Following an internal affairs investigation, which revealed that Plaintiff is an alcoholic who suffers from post traumatic stress disorder, Defendant elected to terminate Plaintiff's employment. Plaintiff then filed an employment discrimination claim with the Equal Employment Opportunity Commission ("EEOC"). The EEOC declined to pursue an enforcement action against Defendant, and Plaintiff was mailed a right-to-sue letter on January 5, 2010. On February 23, 2010, Plaintiff filed a complaint in this Court contending that his employment was terminated because of a disability in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101–12300, and the Michigan Persons with Disabilities Civil Rights Act ("MPDCRA"), Mich. Comp. Laws §§ 37.1101–.1607.

Plaintiff did not serve Defendant with the complaint within 120 days, and the Court ordered

Plaintiff to show cause why the complaint should not be dismissed on July 22, 2010. Fed. R. Civ. P. 4(m). Plaintiff did not explain why service was not accomplished, but he did attempt to serve Defendant on July 23, 2010. The attempted service did not, however, comply with the federal rules. Fed. R. Civ. P. 4(j)(2). Accordingly, the Court granted Defendant's motion to dismiss, concluding that "Plaintiff has neither demonstrated good cause for not serving the complaint within 120 days, nor that he properly served the complaint on Defendant." *Ramirez v. City of Saginaw*, Case No. 10-10739-BC, 2010 WL 3385304, at *2 (E.D. Mich. Aug. 24, 2010). The Court dismissed Plaintiff's complaint without prejudice. *Id.*

On August 25, 2010, Plaintiff filed the immediate case. As in the previous case, Plaintiff's initial complaint asserted disability discrimination claims pursuant to the ADA and the MPDCRA. On September 13, 2010, before answering Plaintiff's complaint, Defendant determined that the ADA claim was barred by the applicable statute of limitations, drafted a motion to dismiss based on a statute of limitations defense, and contacted Plaintiff to seek concurrence in the motion to dismiss. E.D. Mich. L.R. 7.1; *see also* 42 U.S.C. §§ 12117(a), 2000e-5(f)(1) (requiring a prospective ADA plaintiff to file a civil action within ninety days of receipt of a right-to-sue letter). Plaintiff's counsel asked Defendant's counsel to delay filing the motion to dismiss so that Plaintiff's counsel could speak with his client. Then on September 17, 2010, before responding to Defendant's request for concurrence, Plaintiff filed an amended complaint asserting additional claims for race discrimination in violation of the Fourteenth Amendment and 42 U.S.C. §§ 1981 and 1983. [Dkt. # 5].

On October 1, 2010, Defendant filed a motion to dismiss Plaintiff's complaint, contending that the ADA claim is barred by the statute of limitations, the § 1981 claim cannot be brought against a municipality, the § 1983 claim is speculative and not grounded in evidence, and that the

court should decline to exercise jurisdiction over the state law claim. [Dkt. # 6]. On November 5, 2010, Plaintiff filed a response to Defendant's motion to dismiss [Dkt. # 9] and a motion to amend his complaint a second time [Dkt. # 10]. Plaintiff contends that he is entitled to equitable tolling of his ADA claim, that the § 1983 claim is supported by sufficient evidence, and that the Court should exercise supplemental jurisdiction over Plaintiff's state law claim. Plaintiff further contends that if the § 1983 claim does not contain sufficient factual support to survive a Rule 12(b)(6) motion to dismiss, he should be permitted to amend his complaint to supplement his factual allegations. Plaintiff did not offer a defense of the § 1981 claim. Rather, he seeks to add three new defendants who are individuals.

Defendant's motion to dismiss will be granted in part, and Plaintiff's motion to amend his complaint will be granted. Plaintiff's ADA claim is barred because it is untimely, but Plaintiff will be permitted to amend his complaint to supplement his factual allegations regarding race discrimination. It is important to note, however, that the proposed amended complaint does not contain sufficient factual allegations to state a claim for relief under § 1983. The fact that Plaintiff is Hispanic and his supervisors are Caucasian is not sufficient.

# I

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). The requirement is meant to provide the opposing party with " 'fair notice of what the . . . claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 42, 47 (1957)). If a complaint does not meet that standard, the opposing party may move to dismiss it for failure to state a claim at any time before filing an answer. Fed. R. Civ. P.

12(b)(6).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (2007) (citations omitted). "Factual allegations must be enough to raise a right to relief above a speculative level, on the assumption that all the allegations in the complaint are true . . . ." *Id.* at 555–56 (citations omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570)). "Facial plausibility" requires the plaintiff to include sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

## II

The same "enforcement powers, remedies, and procedures that are set forth in Title VII of the Civil Rights Act of 1964" are applicable to employment discrimination actions brought pursuant to the ADA. *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 285 (2002); *see* 42 U.S.C. § 12117(a). Thus, an ADA plaintiff "must commence his civil action within [ninety] days of receiving a right-to-sue letter from the EEOC." *Garrett v. Weyerhaeuser Co.*, 191 F.3d 452 (6th Cir. 1999) (Table) (per curiam) (citing 42 U.S.C. § 2000e-5(f)(1)). Here, Plaintiff's right to sue letter was mailed on January 5, 2010. He filed this action 233 days later on August 25, 2010. Accordingly, his ADA claim is untimely.

Indeed, Plaintiff admits the claim is untimely, but contends that the Court should exercise

its discretion to equitably toll the statute of limitations in this case. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982) (concluding that time requirements for filing a discrimination claim with the EEOC are not jurisdictional and therefore subject to equitable tolling). The Supreme Court has held that the ninety-day period in which a plaintiff may file a civil action after receiving a right-to-sue letter from the EEOC may be equitably tolled. *Crown, Cork & Seal Co. v. Parker*, 462 U.S. 345, 353–54 (1983). But such situations are rare. "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560–61 (6th Cir. 2000) (citations omitted).

The Sixth Circuit has identified five noncomprehensive factors for district courts to consider when determining whether equitable tolling is appropriate. *Id.* at 561. The factors are: "1) lack of notice of the filing requirement; 2) lack of constructive knowledge of the filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the defendant; and 5) the plaintiff's reasonableness in remaining ignorant of the particular legal requirement." *Id.*

Plaintiff contends that he is entitled to equitable tolling because he filed his initial complaint on February 22, 2010—forty-three days after receiving the right-to-sue letter and forty-seven days before he was required to file the complaint. If Plaintiff would have waited to file the initial complaint, he would have had until August 16, 2010 to effect service. He filed his second complaint on August 25, 2010 and properly served Defendant the next day. Thus, according to Plaintiff, if the Court refuses to equitably toll his second complaint, Plaintiff will be punished for filing his initial complaint too early. In short, Plaintiff focuses on the third tolling factor, contending that he was diligent in pursuing his rights and that he is now being punished for his diligence.

Plaintiff's argument does not address the reason his first complaint was dismissed: the initial suit was not served within 120 days in accordance with the Federal Rules of Civil Procedure. Plaintiff has still not explained why he did not serve the initial complaint within 120 days and he may have had an opportunity to serve the papers when the issue was brought to his attention.

Without some explanation for the service problems, the Court cannot conclude that Plaintiff acted "reasonably" in missing the filing deadline established by Congress. Plaintiff has not advanced any facts to suggest that his "failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond [his] control." *Id.* at 560–61. Accordingly, Plaintiff's ADA claim will be dismissed. *See Wilson v. Grumman Ohio Corp.*, 825 F.2d 26, 28 (6th Cir. 1987) (concluding that filing a complaint which is later dismissed without prejudice under Rule 4(m) because service was not perfected does not toll Title VII's ninety-day limitations period).

## II

Defendant next contends that Plaintiff's §§ 1981 and 1983 claims should be dismissed because the complaint does not include sufficient factual allegations of racial discrimination to state a plausible claim for relief against the City of Saginaw. Defendant further contends that Plaintiff's motion to amend the complaint to supplement the factual allegations of racial discrimination would be futile and should be denied. Fed. R. Civ. P. 15(a)(2).

Plaintiff responds that his amended complaint adequately pleads a § 1983 claim against the City of Saginaw and also seeks permission to amend his complaint a second time to include three additional defendants. Plaintiff's proposed second amended complaint would allege claims for racial discrimination under § 1981 against three individual defendants, Gerald Cliff, Anjanette Tuer, and Dennis Jordan. The complaint would further allege a § 1983 racial discrimination claim against

all four Defendants.

In support of his racial discrimination claims, Plaintiff contends that he is "Hispanic" and therefore a member of a protected class. He further contends that the supervisors who made the decision to end his employment—Cliff, Tuer, and Jordan—are Caucasian. Finally, Plaintiff contends based "on information and belief," that "the Defendants treated Plaintiff less favorably than similarly situated Caucasian police officers" and that the decision to terminate his employment was "motivated by" his race.

Plaintiff's §§ 1981 and 1983 claims against the City of Saginaw will be addressed first. The Court will then address the question of whether Plaintiff should be permitted to amend his complaint to add additional Defendants and supplement his factual allegations.

**A**

Plaintiff contends that the City of Saginaw made a discriminatory employment decision based on his race in violation of 42 U.S.C. § 1981. Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts . . . as is enjoyed by white citizens . . . ." The statute provides a private cause of action for any person who has been discriminated against based on race in a private employment contract. *Long v. Ford Motor Co.*, 196 F.2d 500, 503 (6th Cir. 1974). The statute does not, however, provide a private cause of action against public employers like the City of Saginaw. *Arendale v. City of Memphis*, 519 F.3d 587, 594–99 (6th Cir. 2008). Section 1983 provides the "exclusive federal remedy for violation of the rights guaranteed in § 1981 by state governmental units." *Id.* at 598–99 (quoting *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 733 (1989)) (quotation marks omitted). Accordingly, Plaintiff § 1981 claim against the City of Saginaw will also be

dismissed.

**B**

Plaintiff further contends that the City of Saginaw violated his Fourteenth Amendment right to equal protection by treating similarly situated Caucasian officers more favorably than Plaintiff and basing the decision to end Plaintiff's employment on his race. Plaintiff contends that the City's conduct violates the Fourteenth Amendment and 42 U.S.C. § 1983. Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. To demonstrate employment discrimination in violation of § 1983 and the Fourteenth Amendment, Plaintiff must prove that the decision to terminate his employment was based on his race. *Arendale*, 519 F.3d at 603. Evidence that the decision was based on race can include evidence that Plaintiff was treated differently than similarly situated Caucasian employees or evidence that Plaintiff was replaced by a Caucasian employee. *Id.*

Municipalities like the City of Saginaw are generally not liable under § 1983 for the decisions of their officers unless the "allegedly unconstitutional decision is made by an official with 'final policy making authority.' " *Arendale*, 519 F.3d at 601 (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 478 (1986)). When the official making the decision has final policy making authority, the official's policy has effectively become the municipality's policy. *See Lowden v. County of Clare*, 709 F. Supp. 2d 540, 566 (E.D. Mich. 2010).

Plaintiff devotes substantial attention to the question of whether the officers who decided to terminate his employment were vested with "final policy making authority" in accordance with

*Pembaur*.  Indeed, if that were the only question, the argument would likely be persuasive at this stage of the case.  It is at least factually "plausible" that the officer who decided to terminate Plaintiff's employment had final policy making authority regarding employment matters within the Saginaw Police Department.  *See Iqbal*, 129 S. Ct. at 1949.

Plaintiff neglects, however, to offer anything more than a " 'naked assertion' devoid of 'further factual enhancement' " that the decision was based on Plaintiff's race.  *Id.* (alteration and citation omitted).  Indeed, Plaintiff's assertions of racial discrimination are nothing more than "unadorned, the-defendant-unlawfully-harmed-me accusations." *Id.*  A complaint without sufficient factual information for a court to "plausibly" infer that Plaintiff's employment was terminated because of his race, does not state a claim for relief under § 1983 and the Fourteenth Amendment. Fed. R. Civ. P. 12(b)(6).

While the fact that the Plaintiff is "Hispanic" and the decisionmakers are "Caucasian" is "consistent with" Defendants' liability, it "stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (quotation marks and citation omitted).  "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.* at 1950.  A complaint that pleads conclusions and speculations that create a possibility of misconduct, but not a plausible inference that the plaintiff is entitled to relief, should be dismissed. *Id.*

## C

Plaintiff also seeks to amend his complaint to assert racial discrimination claims against four individual defendants and to supplement the factual allegations to state a plausible claim for relief. A plaintiff may amend his complaint at any time with leave of the Court.  Fed. R. Civ. P. 15(a)(2).

Leave should be "freely give[n] . . . when justice so requires." *Id.* Nevertheless, "[a] motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995) (citations omitted). "A proposed amendment is futile if the [amended complaint] could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Harford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000).

Plaintiff's proposed second amended complaint suffers from the same pleading errors as the first. The proposed second amended complaint does not add additional factual allegations that would lead to the plausible inference that the decision to terminate Plaintiff's employment was based on race. Rather, it merely reiterates the same conclusions contained in the first amended complaint, and restates a single supporting fact—Plaintiff is Hispanic and the supervising officers are Caucasian. The allegations that Plaintiff was "treated less favorably" than similarly situated Caucasian officers and that the termination of Plaintiff's employment was "motivated by" his race merely state the elements of his cause of action without supporting factual context. The fact that Plaintiff is Hispanic and the supervising officers are Caucasian is not enough to "nudge[] [his] claims of invidious discrimination across the line from conceivable to plausible." *Iqbal*, 129 S. Ct. at 1950–51 (citation and quotation marks omitted, first alteration added).

Nevertheless, the factual allegations in Plaintiff's complaint are at least consistent with a racial discrimination claim. Accordingly, he will be permitted to amend his complaint one more time, to supplement the factual allegations of race discrimination.

### III

Accordingly, it is **ORDERED** that Defendant's motion to dismiss [Dkt. # 6] is **GRANTED**

**IN PART AND DENIED IN PART**.  Plaintiff's ADA claim and § 1981 claim against the City of Saginaw are **DISMISSED WITH PREJUDICE**.

It is further **ORDERED** that Plaintiff's motion to amend his complaint [Dkt. # 10] is **GRANTED**.  Before filing the amended complaint, however, Plaintiff is required to supplement the factual allegations of race discrimination to state a plausible claim for relief.  In the alternative, Plaintiff may stipulate to the dismissal of his §§ 1981 and 1983 claims and pursue his MPDCRA claim in state court.

It is further **ORDERED** that the hearing scheduled for December 16, 2010 at 2:00 p.m. was **CANCELED** because the parties' papers provided the necessary factual and legal information to decide the motions.  *See* E.D. Mich. L.R. 7.1(f)(2).

s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

Dated: December 28, 2010

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 28, 2010.

s/Tracy A. Jacobs
TRACY A. JACOBS